STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-533

JOHN MONAGHAN,

Plaintiff

v.                                                          ORDER

TARA BLACKSTON,

STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 0 2 2012

RECEIVED

Defendant

Before the court is defendant's motion to reduce the verdict for plaintiff in this case by the amount plaintiff previously recovered in a settlement with his own insurance carrier, Concord Group Insurance Co., on a claim for benefits under his underinsured motorist coverage. The jury verdict for plaintiff was $4,548. Monaghan's prior settlement with his carrier was for $8,000, so granting defendant's motion would reduce plaintiff's recovery to zero.

There is logic to defendant's position that if a jury has rendered a verdict determining that Monaghan's total damages caused by the October 23, 2007 accident total $4,548, and if Monaghan has already received a settlement in excess of that amount, he would receive a double recovery if he now collects $4,548 from Blackston. There is also logic to Monaghan's position that he obtained and paid for uninsured motorist coverage, and the settlement from his carrier therefore could be classified as coming from a collateral source.

The court does not need to explore these issues further, however, because it concludes that in this situation the Law Court would follow Thurston v. 3K Kamper Ko. Inc., 482 A.2d 837 (Me. 1984). In Thurston, the Law Court concluded that 14 M.R.S. § 163

did not require a setoff of settlement amounts received from parties who were not found to have caused the injury. See 482 A.2d at 840, 842. In reaching that conclusion the Law Court looked only to the language of section 163 and implicitly rejected any theory that a setoff should be applied under the common law to avoid a double recovery.

Similarly in this case, section 163 does not provide for a setoff because the personal injury here was not, in the words of that statute, "caused by 2 or more persons." It was caused solely by Blackston. Monaghan's underinsured carrier, rather than causing the injury, merely provided a contractual avenue for recovery if Blackston was underinsured. As it turned out, Concord would not have had to pay any money under the jury's verdict because Blackston was adequately insured for the amount of the verdict. As in Thurston, Monaghan is entitled to retain Concord's settlement without suffering any diminution of his recovery from Blackston.

The court understands that Blackston previously made a Rule 68 offer of judgment that exceeded the verdict amount. Under Rule 68, therefore, Monaghan is entitled to costs only up to the date of the offer, and Blackston is entitled to costs from the date of the offer through the trial.

If Monaghan served a notice of claim pursuant to 14 M.R.S. § 1602-B(5) that would entitle him to prejudgment interest from a date prior to the filing of his complaint, he shall provide that to the clerk's office within 10 days.

The entry shall be:

Defendant's motion to reduce the verdict is denied. Pursuant to the jury's verdict, judgment is entered in favor of plaintiff and against the defendant in the amount of $4,548. Prejudgment interest shall run at the rate of 3.41% unless plaintiff demonstrates within 10 days that he is entitled to a different rate of interest pursuant to a notice of claim served prior to 2010. Post judgment interest shall run at 6.12%. Both parties may file applications for costs within 10 days.

2

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February **2**, 2012

Thomas D. Warren
Justice, Superior Court

--------------------------------------------------------------------------------

04 0000009607 ATTORNEY:BIGOS, MICHAEL T

ADDR:129 LISBON STREET PO BOX 961 LEWISTON ME 04243-0961

F FOR:JOHN MONAGHAN, JR                          PL          RTND    10/21/2010


03 0000007564 ATTORNEY:WALL, JOHN

ADDR:95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046

F FOR:TARA J BLACKSTON                           DEF         RTND    09/12/2011